UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P. STEPHEN LAMONT,<br><br>    Plaintiff,<br><br>    v.<br><br>ANN EDWARDS, et al.,<br><br>    Defendants. | Case No.18-cv-01079-JSC<br><br>**ORDER TO SHOW CAUSE RE: PERSONAL JURISDICTION** |
| P. STEPHEN LAMONT,<br><br>    Plaintiff,<br><br>    v.<br><br>RAMONITA REYES, et al.,<br><br>    Defendants. | Case No.18-cv-01421-JSC |

Plaintiff Stephen Lamont, proceeding pro se, brings these related actions against several individual and entity Defendants located in New York. The Court previously granted Plaintiff's applications to proceed in forma pauperis. (No. 18-1079, Dkt. No. 11; No. 18-1421, Dkt. No. 9.) The Court must now review the allegations under 28 U.S.C. § 1915.[1] Because the complaints in both actions fail to establish a basis for asserting personal jurisdiction over the out-of-state Defendants, the Court orders Plaintiff to show cause as to why these related action should not be dismissed for lack of personal jurisdiction.

---

[1] Plaintiff has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (No. 18-1079, Dkt. No. 14; No. 18-1421, Dkt. No. 13.)

# BACKGROUND

Plaintiff has brought these two actions as well as one other in this District seeking redress against numerous individuals and entities regarding the removal of his minor son, SL, from his custody in New York state. These actions have all been related. *See Lamont v. Pilkington, et al.*, No. 17-5942 JSC (Dkt. Nos. 28, 30); *Lamont v. Edwards, et al.*, No. 18-1079 JSC (Dkt. No. 15); *Lamont v. Reyes et al.*, No. 18-1421 JSC (Dkt. No. 8).

In *Lamont v. Pilkington, et al.*, Plaintiff alleges that his minor son was removed from his custody at least in part, because of the negligence and inhabitable conditions present in a home in Rye, New York that he leased from Defendants John and Mary Pilkington, residents of Rye, New York. *See Lamont v. Pilkington, et al.*, No. 17-5942 JSC, Dkt. No. 1 (N.D. Cal. Oct. 16, 2017).

In *Lamont v. Edwards*, Plaintiff likewise raises claims relating to the removal of his minor son from his custody. *See Lamont v. Edwards, et al*, No. 18-1079 JSC, Dkt. No. 5 (Feb. 27, 2018). In particular, he alleges that his First and Fourteenth Amendment rights have been violated by the Rye City School District, the County of Westchester, and employees of both entities. (*Id*.) Plaintiff alleges that his son was removed from his home following a false child protective services report filed by Defendant Ann Edwards, the principal of Rye Middle School, in retaliation for complaints Plaintiff made to Defendant Edwards. (*Id*. at ¶¶ 20-28.) The remaining Defendants were involved in the removal of Plaintiff's son from his custody. Plaintiff alleges that the Court has personal jurisdiction because "all factual allegations derive from violations of First Amendment, 42 U.S.C. § 1983, Fourteenth Amendment." (*Id*. at ¶ 2.)

In *Lamont v. Reyes et al.*, Plaintiff alleges that Defendant Reyes, a senior caseworker in the New York State Office of Children and Maltreatment Register, enrolled Plaintiff's son in Medicaid and removed him from Mill Pond Pediatrics where he had received care since his birth. *See Lamont v. Reyes et al.*, No. 18-1421 JSC, Dkt. No. 1 at ¶¶ 8,13 (March 2, 2018). This was done without Plaintiff's consent and without a court order. (*Id*. at ¶¶ 13.) The remaining Defendants are also employees of the New York State Office of Children and Maltreatment Register and the County of Westchester. (*Id*. at ¶¶ 8-12.) Plaintiff pleads claims under 42 U.S.C. § 1983, the Fourteenth Amendment, and for violation of his parental rights. (*Id*. at ¶¶ 17-35.) Plaintiff alleges that the Court has personal jurisdiction because "all factual allegations derive

from violations of First Amendment, 42 U.S.C. § 1983, Fourteenth Amendment." (*Id*. at ¶ 2.)

## DISCUSSION

Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. Here, Plaintiff's complaints fail to allege facts that would suggest that the Northern District of California would have personal jurisdiction over any of the out-of-state Defendants for conduct occurring entirely outside this District.

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014). Where "there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd*., 328 F.3d 1122, 1129 (9th Cir. 2003) (citations omitted). California's long-arm statute is co-extensive with the federal due process clause. Cal. Civ. P. Code § 410.10. Therefore, this court must determine whether the exercise of jurisdiction over the defendants "comports with the limits imposed by federal due process." *Daimler*, 134 S. Ct. at 753. To satisfy due process, a defendant must have sufficient "minimum contacts" with the forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The two recognized bases for exercising personal jurisdiction over a nonresident defendant are "general jurisdiction" and "specific jurisdiction." *Doe v. Am. Nat. Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997).

General jurisdiction over a nonresident defendant exists when the defendant engages in "continuous and systematic general business contacts" that "approximate physical presence in the forum state." *Schwarzenegger*, 374 F.3d at 801 (internal citations and quotation marks omitted). Here, nowhere does the Plaintiff allege that any of the Defendants have had any contact with the state of California, let alone "continuous and systematic general business contacts." According to both Complaints, all of the at-issue conduct took place in New York and the Defendants reside in New York. (*Lamont v. Edwards*, et al., No. 18-1079 JSC (Dkt. No. 5 ¶¶ 6-19); *Lamont v. Reyes et*

*al.*, No. 18-1421 JSC (Dkt. No. 1 at ¶¶ 8-16).) Plaintiff has thus not pled a basis for general jurisdiction over the Defendants here.

Specific jurisdiction exists if three prongs are satisfied: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger*, 374 F.3d at 802. The plaintiff has the burden of proving the first two prongs. *Id*. If plaintiff does so, the defendant must demonstrate that the court's exercise of personal jurisdiction would be unreasonable. *Id*. Here, again, all of the conduct alleged occurred in New York. There is no allegation that the Defendants directed their activities toward California—as opposed to at *Plaintiff*—who is *now* a California resident. Likewise, Defendants are not alleged to have engaged in any forum-related activities. Under these circumstances, Plaintiff has not alleged a basis for specific jurisdiction.

Accordingly, the Court ORDERS Plaintiff to SHOW CAUSE as to how the Court has personal jurisdiction over any of the Defendants here. Plaintiff must file a written response to the Court's Order to Show Cause by April 12, 2018.

Plaintiff may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415)-782-8982, for free assistance regarding his claims.

**IT IS SO ORDERED.**

Dated: March 29, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge